# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARVIN ROSS**, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 7182 |
| | ) | |
| **PYOD, LLC** and **RESURGENT CAPITAL** | ) | |
| **SERVICES LP**, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

Although the notice of appeal from the Bankruptcy Court ruling in this adversary action was filed on August 17, 2015, appellant's counsel has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of every court filing for the assigned judge's use within one business day after filing.[1] To underscore the importance of that requirement to the case management procedures followed by this Court, the first paragraph in its website repeats the requirement, adding that a delivery to this Court's chambers on the date of filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily allowed a grace period -- typically at least a week[2] -- before the issuance of a memorandum order

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by lawyers), both this Court's secretary and its courtroom deputy maintain lists of all deliveries by counsel to this Court's chambers. Although that recordkeeping is intended to be error-free, if counsel here were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

[2] That grace period varies somewhat from case to case, the result of this Court's obtaining the Clerk's Office printouts reflecting new case filings only sporadically rather than on a regular (say weekly) basis.

that calls the delinquency to the attention of counsel, typically coupled with the imposition of a $100 fine. Indeed, such a sanction is particularly appropriate in conjunction with a bankruptcy appeal, where silence on the part of counsel leaves the discovery of the case and the establishment of appropriate procedures for its handling to sheer chance (more precisely, to policing by the judge to whom the appeal is assigned, rather than by the lawyer who should bear that burden).

Because a Bankruptcy Court adversary proceeding has typically involved the submission of legal memoranda to the Bankruptcy Judge, this Court always holds an early status hearing to discuss with counsel the most efficient way of dealing with the case on appeal (most frequently through the submission of those memoranda coupled with whatever other material counsel view as needed to facilitate this Court's handling). Accordingly this action is set for an early status hearing at 8:45 a.m. September 10, 2015, with counsel for appellant Marvin Ross ("Ross") and for appellees PYOD, LLC and Resurgent Capital Services, LP ordered to appear to discuss the necessary documentation and procedures. That however does not lessen the appropriateness of imposing the fine discussed earlier in this memorandum order, and Ross' counsel is ordered to issue a check payable to "Clerk of the District Court" and to deliver it to this Court's chambers either before or at the scheduled status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 8, 2015