# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARVIN ROSS, )
 )
      Appellant, )
 )
      v. ) Case No. 15 C 7182
 )
PYOD, LLC and RESURGENT CAPITAL )
SERVICES LP, )
 )
      Appellees. )

## MEMORANDUM OPINION AND ORDER

This action has come to this Court's calendar as an appeal by Marvin Ross ("Ross") from the Bankruptcy Court's dismissal of Ross' Adversary Complaint ("Complaint") against PYOD, LLC ("PYOD") and Resurgent Capital Services LP ("Resurgent"), in which Ross (1) objected to the proof of claim that those parties had filed in his Chapter 13 bankruptcy proceedings and also (2) claimed damages for their asserted violations of the Fair Debt Collection Practices Act (the "Act")[1] and for their asserted fraud on the court. When this Court apprised counsel for the litigants of its regular practice in bankruptcy appeals -- one that seeks to avoid duplication of effort and added expense by encouraging counsel to furnish (without rewriting) the submissions that they had made before the Bankruptcy Court, supplemented by whatever additions they deem necessary to provide this Court with a full understanding of what is at issue on appeal -- counsel responded by advising that "the parties have agreed to stand on the pleadings below."

---

[1] Citations to the Act will take the form "Section --," using the statutory numbering of its provisions in Title 15 but omitting the prefatory "15 U.S.C."

That response resulted in this Court being furnished only copies of the Complaint, the PYOD-Resurgent Bankruptcy Court memorandum in support of their motion to dismiss and Ross' response to that motion. Plaintiff Ross' counsel, however, accompanied his submission with a forwarding letter that stated in part:

> The Court granted the motion to dismiss and indicated that it adopted its reasoning as set forth in In re LaGrone, 525 B.R. 419 (Bankr. N.D. Ill. 2015).

Accordingly this Court has reviewed the LaGrone opinion (authored by able Bankruptcy Judge Eugene Wedoff, the same judge who decided this case below) as well as Judge Wedoff's oral remarks in this case.

This action exemplifies the cottage industry described in the opening paragraph of the opinion in Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1256 (11th Cir. 2014):

> A deluge has swept through U.S. bankruptcy courts of late. Consumer debt buyers -- armed with hundreds of delinquent accounts purchased from creditors -- are filing proofs of claim on debts deemed unenforceable under state statutes of limitations. This appeal considers whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the Fair Debt Collection Practices Act ("FDCPA" *12571257or "Act"). 15 U.S.C. §§ 1692–1692p (2006).

In Crawford the bankruptcy court, like the bankruptcy court here, dismissed in its entirety an adversary proceeding (which paralleled the like proceeding here), and that dismissal was then affirmed at the district court level. But the Court of Appeals, in a thoughtful and detailed opinion, reversed both lower courts.[2]

In LaGrone, 525 B.R. at 424-25 Judge Wedoff agreed with the Crawford analysis (found at 758 F.3d at 1262) that filing a proof of claim in bankruptcy would come within the meaning of

---

[2] Interestingly, although our own Court of Appeals has not had occasion to consider the problem, Crawford relied on Seventh Circuit caselaw extensively on issues that the Crawford court viewed as important support for the result that it reached.

"debt collection." Indeed, this Court would find it difficult to rule otherwise -- attorneys for debt collectors do not institute lawsuits or file claims for their health.

Where Judge Wedoff parts company with Crawford is in advancing four distinctions (LaGrone, 525 B.R. at 426-28) that, he says, demonstrate why filing a bankruptcy proof of claim on a debt subject to a limitations defense does not violate the Act in the same way that our Court of Appeals (like others) has found where a debt collector files an untimely lawsuit against a consumer debtor (see, e.g., Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013)). Those distinctions, derived as they are from Judge Wedoff's extensive experience in the special environment of bankruptcy law, appear to this court to carry the day.

What is at issue here poses a close question, so that it is unsurprising to find that other district courts have split on which path to travel. For its part, this Court finds itself in the unaccustomed posture of opting to follow a non-precedential Bankruptcy Court decision rather than the admittedly thoughtful opinion from the only Court of Appeals that has weighed in on the subject. But because the LaGrone analysis is persuasive, this Court finds that a confirmation of the dismissal of Ross' adversary complaint is entirely appropriate. It therefore affirms that dismissal, thus terminating this appeal. And that of course vacates the initially-set November 19 status hearing date.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: November 4, 2015